# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01047-MTS |
| | ) | |
| CHRIS BREWER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Petitioner's response to the Order to Show Cause why this action should not be dismissed as untimely. Because the record shows that the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is time-barred, this action will be denied and dismissed.

## Background

Petitioner Charles Smith is a self-represented litigant who is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri. On August 7, 2023, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. [1]. Petitioner indicated he was challenging a judgment of conviction from "Ms. County Miss[]ouri Charleston MO." Doc. [1 at 1]. The case number he referenced was partially illegible. *Id.* In the section to indicate his length of sentence, he wrote "18." *Id.*

On September 5, 2023, the Court reviewed Petitioner's case history on Case.net, Missouri's online case management system, in order to find the underlying state criminal case. The Court took judicial notice of the public state records as follows:[1]

> In April 2019, petitioner was charged with one count of failure to register as a sex offender in the 33rd Judicial Circuit Court in Mississippi County, Missouri. *See State v. Smith*, Case No. 19MI-CR00171-01 (33rd Jud. Cir. Apr. 17, 2019). Petitioner plead guilty to this offense on June 12, 2019 and was sentenced to four (4) years' incarceration. However, the execution of his sentence was suspended and he was put on supervised probation for five (5) years. In September 2019, petitioner

---

[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

> was charged with a second count of failure to register as a sex offender. *See State v. Smith*, Case No. 19MI-CR00417-01 (33rd Jud. Cir. Sept. 25, 2019). On October 9, 2019, petitioner plead guilty and was sentenced to 120 days of shock incarceration and four (4) years' incarceration "concurrent with 19MI-CR00171-01." After petitioner's period of shock incarceration, he was released on supervised probation for a term of five (5) years. In March 2021, petitioner was charged with a third offense of failure to register as a sex offender. *See State v. Smith*, Case No. 19MI-CR00078-01 (33rd Jud. Cir. Mar. 24, 2021). Petitioner waived trial by jury. On July 9, 2021, petitioner was found guilty via bench trial and he was sentenced to 18 years. There is no indication in the record that petitioner has filed an appeal in any of these state court cases, nor has he filed any post-conviction motions from the bench trial guilty verdict.

Doc. [3 at 2].

The Court noted that pursuant to Missouri Supreme Court Rule 30.03, a conviction and sentence becomes final with the expiration of the ten-day period for filing a notice of appeal. Because Petitioner did not appeal from his conviction and sentence entered on July 9, 2021, his judgment became final under § 2244(d)(1)(A) on July 19, 2021, and the limitations period began to run. The limitations period expired one year later on July 19, 2022, well before petitioner filed his petition for writ of habeas corpus on August 7, 2023. The Court, therefore, directed Petitioner to show cause as to why his petition should not be dismissed as untimely.

Petitioner filed a one-page response to the Court's Order to Show Cause. Doc. [4]. He does not address the timeliness issue, nor does he provide any basis for equitable tolling. Rather, he argues his petition should not be dismissed because the police allegedly provided false testimony about the circumstances of his arrest and because there was no probable cause to find him guilty. *Id.*

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  . . .
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

As noted in the Court's Show Cause Order, a review of Case.net reveals no postconviction action stemming from Petitioner's conviction and sentence entered on July 9, 2021 in *State v. Smith*, Case No. 19MI-CR00078-01 (33rd Jud. Cir. Mar. 24, 2021). Petitioner's response to the Show Cause Order does not dispute the Court's summary of the timeline, nor does he dispute that his § 2254 habeas petition is untimely. Because no postconviction motions have been filed in the underlying criminal matter, he is not entitled to the tolling provision in 28 U.S.C. § 2244(d)(2). Thus, his petition for habeas corpus was due to be filed no later than July 19, 2022.

Petitioner is also not entitled to any equitable tolling. Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The information provided within Petitioner's response does not constitute extraordinary circumstances, and does not evidence that he has pursued his rights diligently.

To the extent Petitioner's assertion that there was no probable cause to arrest him is intended to argue he was innocent of the charges does not save his untimely petition. Although a

showing of actual innocence may excuse an untimely filing, a petitioner must "show some action or inaction on the part of respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves,* 299 F.3d 974, 978 (8th Cir. 2002). Here, Petitioner has failed to offer an explanation of how any act of the Respondent prevented him from filing a petition for writ of habeas corpus in a timely fashion.

The Court, therefore, finds Petitioner's motion is time-barred, and will deny and dismiss his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

### Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time barred.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>11th</u> day of October, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE